UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRLEY WILLIAMS | ) | Case Number |
| Plaintiff | ) | |
| vs. | ) | CIVIL COMPLAINT |
| NATIONAL ACTION FINANCIAL SERVICES, INC. | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Shirley Williams, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Shirley Williams, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.    JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Defendant maintains a registered office in this District.

## III.    PARTIES

4. Plaintiff, Shirley Williams ("Plaintiff") is an adult natural person residing at 2035 Kingsgate Drive, Saint Louis MO 63138.

5. Defendant, National Action Financial Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Missouri and the Commonwealth of Pennsylvania with its principal place of business located at 165 Lawrence Bell Drive, Ste 100, Williamsville, NY 14221 and a registered office located at 116 Pine Street, Ste 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7. In or around the beginning of October, 2009, Plaintiff began receiving calls from Defendant's agent, "Mr. Musaco", in regards to a debt owed to Chase for over $1,600.00.

8.      On or about October 13, 2009, Persels & Associates, the law firm that the Plaintiff has retained to help her with the settlement of her debt, sent a cease and desist letter to the Defendant informing them of Plaintiff's representation and letting them know that they would be contacting the Defendant in the near future to negotiate settlement terms.  **See Exhibit "A" (letter) attached hereto.**

9.      On or about November 2, 2009, Plaintiff received another call from Defendant's agent, "Mr. Musaco", looking for payment on the above stated debt.  Before, Plaintiff could tell the agent to contact Persels in regards to this matter, Defendant's agent, "Mr. Musaco", said that he knew she was being represented by Persels, but it didn't matter, they were not going to work them.

10.     Defendant's agent, "Mr. Musaco", told the Plaintiff that his "bosses" had just had a meeting two (2) days prior to this conversation and that they were told they could no longer deal with attorney's and/or debt settlement companies.

11.     On that same call, Defendant's agent, "Mr. Musaco", stated that he would only work directly with the Plaintiff.  Plaintiff was told that the Defendant did not want to receive anything further in writing or any phone calls from Persels & Associates.

12.     On or around November 5, 2009, Persels & Associates sent another cease and desist letter to the Defendant demanding that they cease all further contact with the Plaintiff and that they mark their records to reflect Persels as the sole contact in this matter pursuant to the Fair Debt Collection Practices Act.

13. On or about November 19, 2009, Plaintiff received another call from the Defendant in regards to this matter, stating that that they needed an answer immediately in regards to payment and that they required a call back the next day, November 20, 2009.

14. Plaintiff has received calls from the Defendant continually up until the filing of this complaint.

15. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants a collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| | | |
|---|---|---|
| | §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| | §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, National Action Financial Services, Inc. and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                        **Respectfully submitted,**
                                        **WARREN & VULLINGS, LLP**

**Date:   December 2, 2009**           **BY: /s/ Brent F. Vullings**

                                        Brent F. Vullings, Esquire
                                        Warren & Vullings, LLP
                                        1603 Rhawn Street
                                        Philadelphia, PA  19111
                                        215-745-9800    Fax 215-745-7880
                                        Attorney for Plaintiff